FILED

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

2013 DEC 18 P 12: 33

CLERK US DISTRICT COURT
ALEXANDRIA. VIRGINIA

Bytemark, Inc.,  )

     Plaintiff,  )

           )

     v.  )    Case No. _2:13 CV 700_

           )    **JURY TRIAL DEMANDED** _MSD/LRL_

Globe Sherpa, Inc.,  )

     Defendant.  )

           )

## COMPLAINT

Plaintiff, Bytemark, Inc. ("Bytemark"), by counsel, for its Complaint against Defendant, Globe Sherpa, Inc. ("Defendant" or "Globe Sherpa"), seeks damages, injunctive relief, and other relief for patent infringement, alleges as follows:

1. This is an action for patent infringement under 35 U.S.C. § 1 *et seq.*

## PARTIES

2. Bytemark is a corporation organized and existing under the laws of the State of Delaware. Bytemark has its principal place of business at 275 7th Avenue, Suite 1501, New York, New York 10001.

3. On information and belief, Defendant Globe Sherpa is a corporation organized and existing under the laws of the State of Oregon.

4. On information and belief, Defendant has its principal place of business at 2025 NW Overton Street, Portland, Oregon 97209.

## BYTEMARK'S PATENT RIGHTS

5. Bytemark owns all title, right, and interest in and to United States Patent No. 8,494,967 ("the '967 patent") entitled "Method and System for Distributing Electronic

Birch, Stewart, Kolasch & Birch, LLP
8110 Gatehouse Road, Ste 100 East
Falls Church, VA 22042-1210
Tel: 703-205-8000  Fax: 703-205-8050

Tickets With Visual Display," which was duly and legally issued by the United States Patent and Trademark Office on July 23, 2013, a copy of which is attached hereto as Exhibit A. The '967 patent describes and claims methods and systems for obtaining visual validation of a purchased electronic ticket on a user's computer device for presentation to a ticket taker.

## DEFENDANT'S INFRINGING ACTIVITIES IN THIS DISTRICT

6.  Defendant committed acts of infringement in this District by offering its infringing mobile ticketing technology and/or services for sale to Virginia Railway Express ("VRE") located at 1500 King Street, Suite 202, Alexandria, VA 22314-2730.

7.  Defendant's Chief Executive Officer, Nat Parker, attended a meeting of the Board of Directors of VRE in Prince William County, Virginia on September 20, 2013, where the adoption of Defendant's mobile ticketing technology and/or services was under consideration (the "Board Meeting").

8.  Defendant's Chief Executive Officer was introduced to the Board of Directors of VRE at the Board Meeting and answered questions about Defendant's mobile ticketing technology and services.

9.  Defendant maintained its offer to sell its mobile ticketing technology and/or services to VRE at the Board Meeting on September 20, 2013.

10. On information and belief, Defendant transmitted to VRE a draft contract to sell and deliver its mobile ticketing technology and/or services to VRE.

11. On information and belief, Defendant entered into a contract with VRE to sell and deliver its mobile ticketing technology and/or services to VRE.

Birch, Stewart, Kolasch & Birch, LLP
8110 Gatehouse Road, Ste 100 East
Falls Church, VA 22042-1210
Tel: 703-205-8000  Fax: 703-205-8050

12. The activities described in paragraph nos. 6-11 constitute an offer for sale and/or sale of technology and/or services into this District that infringe the '967 Patent.

## JURISDICTION AND VENUE

13. Bytemark incorporates by reference paragraph nos. 1 through 12 as if fully set forth herein.

14. Subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1331 and 1338(a).

15. This Court has personal jurisdiction over Defendant because it has committed acts of infringement in this District including those described in paragraphs 6-12.

16. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant is deemed to reside in this District because it is subject to this Court's personal jurisdiction by having committed acts of infringement in this District, including those described in paragraphs 6-12 and, due to its contacts with this District, Defendant should reasonably have expected to be brought before a court in this District with respect to this civil action in question.

## COUNT I
### (Direct Patent Infringement – 35 U.S.C. § 271)

17. Bytemark incorporates by reference paragraph nos. 1 through 16 as if fully set forth herein.

18. Defendant has infringed and continues to infringe one or more claims of the '967 patent since its issuance directly by making, using, offering to sell, selling, and/or importing products and/or services in this District and throughout the United States that use infringing systems and/or methods for obtaining visual validation of a purchased electronic ticket on a user's computer device for presentation to a ticket taker.

Birch, Stewart, Kolasch & Birch, LLP
8110 Gatehouse Road, Ste 100 East
Falls Church, VA 22042-1210
Tel: 703-205-8000 Fax: 703-205-8050

3

## COUNT II
### (Inducement of Patent Infringement – 35 U.S.C. § 271)

19. Bytemark incorporates by reference paragraph nos. 1 through 18 as if fully set forth herein.

20. Bytemark provided Defendant with pre-suit notice by means of a letter sent to Defendant on August 15, 2013, alerting Defendant to its infringement of the '967 patent and demanding that Defendant immediately cease and desist its infringement of the '967 patent.

21. Defendant's infringing mobile ticketing technology and/or services are used by the Tri-County Metropolitan Transportation District of Oregon (generally known and referred to herein as "TriMet") and at least one of its customers.

22. Defendant, after becoming aware of the '967 Patent, continued its activities in this District and throughout the United States in order to encourage others, including TriMet and its customers, to use Defendant's infringing mobile ticketing technology and/or services.

23. On information and belief, Defendant provides technical support and other services in order to aid and abet TriMet and TriMet's customers in their use of Defendant's infringing mobile ticketing technology and/or services.

24. Defendant's ongoing sales and provision of its infringing mobile ticketing technology and/or services in the United States, including support services constitutes inducement of patent infringement in violation of 35 U.S.C. § 271.

Birch, Stewart, Kolasch & Birch, LLP
8110 Gatehouse Road, Ste 100 East
Falls Church, VA 22042-1210
Tel: 703-205-8000  Fax: 703-205-8050

4

## COUNT III
### (Contributory Patent Infringement – 35 U.S.C. § 271)

25. Bytemark incorporates by reference paragraph nos. 1 through 24 as if fully set forth herein.

26. The infringing mobile ticketing technology and/or services have no non-infringing uses because the sole purpose and function of the infringing technology and/or services is to provide a way for the customers of transit agencies like TriMet to obtain visual validation of a purchased electronic ticket on a user's computer device for presentation to a ticket taker.

27. The provision of the infringing mobile ticketing technology and/or services to Defendant's customers, for example, TriMet and TriMet's customers in the United States for use on their computers, constitutes contributory patent infringement in violation of 35 U.S.C. § 271.

## COUNT IV
### (Willful Patent Infringement – 35 U.S.C. § 271)

28. Bytemark incorporates by reference paragraph nos. 1 through 27 as if fully set forth herein.

29. On information and belief, Defendant analyzed Bytemark's business and/or technology prior to completing the development of Defendant's mobile ticketing technology and/or services.

30. On information and belief, Defendant copied Bytemark's technology in order to enter the business of mobile ticketing technology and/or services.

31. On information and belief, Defendant has been aware that Defendant's mobile ticketing technology and/or services most likely infringes at least one claim in the '967

Birch, Stewart, Kolasch & Birch, LLP
8110 Gatehouse Road, Ste 100 East
Falls Church, VA 22042-1210
Tel: 703-205-8000  Fax: 703-205-8050

Patent yet the Defendant has continued to sell and operate its infringing mobile ticketing technology and/or services in the United States.

32. On information and belief, Defendant should have been aware that its mobile ticketing technology and/or services most likely infringes at least one claim of the '967 Patent because it was aware of the patent no later than August 15, 2013 and prior to that, was fully aware of Bytemark's competing business and technology.

33. Defendant's infringement of the '967 Patent has been intentional, willful, and with a reckless disregard for the patent rights owned by Bytemark in violation of 35 U.S.C. § 271.

34. Defendant's infringement will continue unless enjoined by this Court.

35. Defendant's infringement has caused and will continue to cause Bytemark substantial and irreparable injury for which Bytemark is entitled to receive injunctive relief and damages adequate to compensate it for such infringement.

## DEMAND FOR RELIEF

WHEREFORE, Bytemark respectfully requests this Court to enter judgment in its favor and against Defendant, awarding it the following relief:

A. A judgment that Defendant has infringed the '967 patent;

B. Permanently enjoining Defendant, its subsidiaries, affiliates, parents, successors, assignees, officers, agents, servants, employees, and all persons acting in concert or in participation with them from infringing, contributing to, or inducing the infringement of the '967 patent;

6

C. Awarding Bytemark damages resulting from Defendant's acts of infringement and ordering Defendant to account for and pay to Bytemark damages adequate to compensate Bytemark for the infringement of its patent rights;

D. Awarding pre-judgment interest on any damages award;

E. Adjudging that Defendant's infringement of the '967 patent is willful, and increasing Defendant's liability for damages up to three times the amount found or assessed;

F. Declaring that this is an exceptional case under 35 U.S.C. § 285, and for an award of increased damages, attorneys' fees, and costs; and

G. Granting Bytemark such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Bytemark hereby demands trial by jury as to all issues in this action triable of right by a jury.

Dated: December 18, 2013

Respectfully submitted,
Bytemark, Inc.

By Counsel

BIRCH, STEWART, KOLASCH & BIRCH, LLP

By: *Quentin R. Corrie*
Quentin R. Corrie (VSB #14140)
*qrc@bskb.com*
Michael B. Marion (VSB #77025)
*mbm@bskb.com*
8110 Gatehouse Road, Suite 100 East
Falls Church, Virginia 22042
Phone: (703) 205-8000
Fax:    (703) 205-8050
*mailroom@bskb.com*

Birch, Stewart, Kolasch & Birch, LLP
8110 Gatehouse Road, Ste 100 East
Falls Church, VA 22042-1210
Tel: 703-205-8000  Fax:  703-205-8050